UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00021-JAW |
| | ) | |
| CAREY GONYER | ) | |

**ORDER ON GOVERNMENT'S ORAL MOTION *IN LIMINE*
REGARDING OTHER VICTIM TESTIMONY**

In this child pornography and sexual exploitation of children case, the Government intends to present evidence that the Defendant pressured a minor victim and cajoled him into taking a photograph of his penis and sending it to him, thus enticing a minor to produce an image of child pornography in violation of federal criminal law. 18 U.S.C. § 2251(a). The admission of this direct victim testimony is non-controversial.

In addition, the Government seeks to admit evidence that on another occasion, the Defendant similarly harassed another minor and urged him to take photographs of his buttocks and send them to the Defendant, a suggestion this other minor declined. The Government also wishes to introduce testimony from this other minor male that the Defendant showed him a photograph on the Defendant's cellphone of yet another young man's buttocks. The Defendant does not object to the admissibility of the latter testimony, conceding for the moment that the Government may introduce testimony about the Defendant's cellphone to confirm the type of cellphone the Defendant owned and his use of the cellphone to capture and retain suggestive images of young men.

The Defendant does object to the admission of the testimony about the Defendant's harassment of the other minor male on the ground that it violates Federal Rule of Evidence 404(b). The Government responds that this evidence will place the other minor male's testimony in proper context and help the jury to understand the nature of the young male witness's relationship to the Defendant.

The Court agrees with the Defendant that the admission of evidence of this other instance in which the Defendant apparently pressured another potential victim to produce a salacious image of himself and to send it to the Defendant potentially violates Rule 404(b), which prohibits the admission of another act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). Furthermore, the probative value of the evidence—that it provides the jury context about this witness's relationship with Mr. Gonyer—is exceeded by its prejudicial effect—that if Mr. Gonyer did this type of thing once, he must have done it again. FED. R. EVID. 403.

At the same time, the Court will not prohibit the Government from allowing the minor male witness to explain more generally how he knows the Defendant. Furthermore, this ruling may change depending on the nature of the cross-examination of this witness and, more generally, on the nature of the defense. If the defendant opens the door to this evidence, it may become admissible with a limiting instruction. *See* FED. R. EVID. 404(b)(2).

The Court GRANTS in part and DENIES in part the Government's Motion *in Limine* to Present Testimony of Other Victims (ECF No. 89). The Government may introduce testimony of other victims for the purpose of establishing the Defendant's ownership and use of a cellphone to record suggestive images of minor males, but it may not introduce testimony of other victims about the Defendant's purported harassment of them.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2012